1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  LEAH PAISNER (NJBN 175362015)
   Special Assistant United States Attorney
5
          1301 Clay Street, Suite 340S
6         Oakland, California 94612
          Telephone: (510) 637-3680
7         FAX: (510) 637-3724
          Leah.Paisner@usdoj.gov
8
   Attorneys for United States of America
9

10                         UNITED STATES DISTRICT COURT

11                        NORTHERN DISTRICT OF CALIFORNIA

12                                 OAKLAND DIVISION

13
    UNITED STATES OF AMERICA,           )   NO. CR 11-00040 PJH
14                                      )
            Plaintiff,                  )   **[PROPOSED] ORDER OF DETENTION**
15                                      )
       v.                               )
16                                      )
    HARRY FLORES,                       )
17                                      )
            Defendant.                  )
18                                      )
                                        )
19

20       The parties appeared before the Honorable Thomas S. Hixson on April 20, 2020, on an

21  arraignment and for a detention hearing on an amended supervised release violation petition, filed April

22  15, 2020. ECF 48.

23       At the hearing, the government moved to detain the defendant, arguing that he could not meet his

24  burden under 18 U.S.C. § 3143 of demonstrating by clear and convincing evidence that he is not a

25  danger to the community or a flight risk. Both parties proffered information for the Court to consider in

26  reaching a decision on the detention motion. The United States Probation Officer also recommended

27  that the defendant be detained, due to the danger he poses to the community and his flight risk.

28
   [PROPOSED] DETENTION ORDER        2
   CR 11-00040 PJH

The defendant opposed the detention motion and asked to be released from custody. He argued that there could be a package of conditions that would mitigate his danger and flight risk.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community." Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against the defendant, the Court finds that the defendant has not met his burden to provide clear and convincing evidence that he does not pose a danger to the community. The Court therefore orders the defendant be detained pending the resolution of the supervised release violation petition.

In considering the Court's record and the information presented at the hearing, the Court finds that the defendant did not meet his burden to provide clear and convincing evidence at this time because: (1) the petition alleges that defendant was arrested on February 4, 2020 and March 24, 2020 for a commercial robbery of several storage units and the possession of property, including identification documents, that had been reported stolen from several residential and commercial burglaries across the Bay Area, respectively; (2) some of this criminal conduct occurred days after a statewide shelter in place order went into effect and while there was an active state warrant for his arrest; (3) at the time of his arrest, the defendant was associating with several known felons; (4) the defendant has a lengthy history of theft and drug-related offenses and is on supervised release following his 2008 conviction for being a Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)); (5) the defendant was found in possession of a blank check issued to his proposed custodian without her knowledge; (6) the United States Probation Office had multiple concerns regarding the suitability of this custodian; (7) evidence was introduced that the defendant was not residing at his reported residence as directed; and (8) the defendant has a lengthy history of supervised release violations such as failing to comply with his probation officer's instructions, use of controlled substance, and failing to report to his probation officer.

[PROPOSED] DETENTION ORDER            3
CR 11-00040 PJH

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 21, 2020

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge